**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **DRIPS HOLDINGS, LLC,** | Case No. 1:21-MC-00017-PAB |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **QUOTEWIZARD.COM, LLC,** | ORDER |
| Respondent | |

Currently pending is Drips Holdings, LLC's ("Drips") Motion to File Documents under Seal. (Doc. No. 2.) For the following reasons, Drips's Motion is GRANTED.

**I.    Background**

On March 15, 2021, Drips filed a Motion to Quash Subpoena to Produce Documents. (Doc. No. 1.) Respondent QuoteWizard.com, LLC ("QuoteWizard.com") propounded the subpoena on Drips, seeking certain documents that relate to an underlying matter (to which Drips is not a party) currently before the United States District Court for the District of Massachusetts. (Doc. No. 1-1, PageID# 4.) Drips contends that producing these documents would be unduly burdensome and, therefore, this Court[1] should quash QuoteWizard.com's subpoena. (*Id.* at PageID# 11.)

In support of its Motion to Quash, Drips filed a redacted Declaration from its Chief Strategy Officer, Tom Martindale. (Doc. No. 1-4.) In his Declaration, Martindale explains what he avers would be the long, arduous, and unduly burdensome process that Drips would have to undertake if it was required to comply with the subpoena. (*Id.*) Certain paragraphs have been redacted from

---

[1] Drips is headquartered in Akron, Ohio. (Doc. No. 1-1, PageID# 11.) Accordingly, Drips seeks relief from this Court under Fed. R. Civ. P. 45(d)(3), as this Court is within "the district where compliance is required . . . ."

Martindale's Declaration because they contain "confidential, proprietary information about Drips' platform, coding, and processes." (*Id.* at ¶ 4.)

Along with its Motion to Quash, Drips also filed a Motion for Leave to File Martindale's Declaration Under Seal. (Doc. No. 2.) Drips seeks to seal Martindale's Declaration because it goes "into great detail about the processes, specific coding, and security considerations that would be required to comply with the Subpoena at issue." (Doc. No. 2-1, PageID# 191.) Martindale's Declaration contains 6 partially redacted paragraphs, and 13 fully redacted paragraphs, out of the Declaration's total of 42 paragraphs. (*See* Doc. No. 1-4, ¶¶ 18, 20, 21, 29, 36, 37 (partially redacted) and ¶¶ 19, 22-28, 31-35 (fully redacted).)

**II.     Analysis**

The Sixth Circuit has made it clear that there is a "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Specifically, the court has explained as follows:

> Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including "antitrust" cases, id. at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id.* at 1181; *see also, e.g., Baxter*, 297 F.3d at 546.
>
> The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson,* 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). **The burden is a heavy one: "Only**

> **the most compelling reasons can justify non-disclosure of judicial records."** *In re Knoxville News–Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. See *Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied ... with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press–Enter. Co. v. Superior Court of California, Riverside Cnty.,* 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). **The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.**

*Id*. at 305-306 (emphasis added). *See also Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020).

When a district court does choose to seal court records, it must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal. *Shane Grp., Inc.*, 825 F.3d at 305. "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id.*

### A. Drips's Proposed Exhibit Redactions

For the following reasons, the Court finds that compelling reasons exist to justify the partial nondisclosure of Exhibit B to Drips's Motion to Quash, Martindale's Declaration. (Doc. No. 1-4.) In its Motion for Leave to Seal, Drips explains that the Declaration contains confidential, proprietary information about its platform, coding, and processes, and that the Declaration goes into great detail explaining the various processes Drips would be required to perform, should it have to comply with QuoteWizard.com's subpoena. (Doc. No. 2-1, PageID# 191.) Further, based on the redacted copy of Martindale's Declaration filed with its Motion to Quash, Drips has narrowed its redactions to only

some paragraphs within the Declaration, not the Declaration in its entirety. (*See* Doc. No. 1-4.) Moreover, Drips does not attempt to justify nondisclosure by conflating the standards for discovery protective orders under Fed. R. Civ. P. 26 with the more rigorous standards for sealing court filings, which the Sixth Circuit has previously warned against. *See Lipman*, 974 F.3d at 753. Rather, Drips seeks to protect its own confidential information. The Court concludes that the interests identified by Drips in support of nondisclosure of a portion of Exhibit B, namely its interests in maintaining its secrecy over its proprietary and non-public technical information, are compelling. Accordingly, the Court grants Drips's request to file Exhibit B to its Motion to Quash under seal.

### III. Conclusion

For the foregoing reasons, Drips's Motion for Leave to File Under Seal is GRANTED. Drips is directed to file Exhibit B to its Motion to Quash under seal within three days of receipt of this Order.

**IT IS SO ORDERED.**

Date: March 16, 2021

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE