# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### Akron Division

| | |
|---|---|
| DRIPS HOLDINGS, LLC, | |
| Petitioner, | Case No. 5:21-mc-17 Judge Barker |
| v. | Arising from Civil Action No. 1:19-cv-12235-LTS, pending in the United States District for the District of Massachusetts |
| QUOTEWIZARD.COM, LLC | |
| Respondent. | |

## PLAINTIFF'S LIMITED MOTION TO INTERVENE AND FOR TRANSFER

Joseph Mantha ("Mr. Mantha") is the plaintiff in the underlying case captioned *Joseph Mantha v. QuoteWizard.com. LLC*, pending in the United States District Court for the District of Massachusetts. (the "Underlying Action."). Mr. Mantha makes this limited motion to intervene in this action as his entitlement to the information responsive to the subpoena issued to Drips Holding LLC's ("Drips") has been actively litigated in the Underlying Action, has been the subject of four discovery orders by the District of Massachusetts, and as such "exceptional circumstances" exist to transfer this action to the District of Massachusetts for resolution by a Court which already has extensively considered the discovery issues presented by the motion to quash pending before this Court.

### Background

The Underlying Action is a putative class action under the Telephone Consumer Protection Act, 42 U.S.C. 8 227, *et seq.* (the "TCPA"). In the Underlying Action, Mr. Mantha alleges that QuoteWizard.com, LLC ("QuoteWizard") retained Drips Holdings, LLC ("DRIPS")

1

to send unsolicited text messages on its behalf in violation of the TCPA, which prohibits both text messages to numbers listed on the National Do Not Call Database (which Mr. Mantha's cell phone was) as well as sending such messages via an automatic telephone dialing system.

In the Underlying Action, since August of 2020, Mr. Mantha has been seeking production of all Do Not Call requests (the "Requests") submitted by recipients of QuoteWizard telemarketing text messages. QuoteWizard claims that all recipients of its telemarketing text messages explicitly consented to receive such texts. Mr. Mantha asserts to the contrary and intends to prove at trial that he did not consent. In support, Mr. Mantha intends to rely on the Requests to support his claim that QuoteWizard did not have his consent to send him telemarketing texts, and knew that many other consumers similarly did not consent but still continued to receive telemarketing texts. The Requests are relevant, therefore, to the issue of consent and whether QuoteWizard's violation of the TCPA was knowing or willful.

Through the course of four motions presented to the Court in the Underlying Action, Mr. Mantha secured the Order attached hereto as Exhibit 1. The Order lays out in detail the procedural history of Mr. Mantha's effort to secure the Requests. Both Judge Sorokin and Chief Magistrate Judge Kelley have repeatedly found that the Requests, which Drips seeks to protect from disclosure, are relevant to Mr. Mantha's claims, and are within QuoteWizard's "possession custody or control" for discovery purposes. Judge Sorokin further observed that the contract between QuoteWizard and Drips describes Drips as QuoteWizard's agent and requires that Drips defer to QuoteWizard in all related discovery disputes, including responding to subpoenas. Ex. 1 at 7-9.

In his Order, Judge Sorokin also noted that the "litigation over these discovery requests has proceeded in a piecemeal fashion and has already consumed substantial attorney and judicial

resources, including multiple hearing before Magistrate Judge Kelley and the undersigned." *Id.* at 12. Judge Sorokin closed his Order with the directive that "[t]he parties shall provide the judicial officer in the case pending in the Northern District of Ohio with a copy of this ruling." *Id.* at 13. Before Judge Sorokin issued the attached Order, but after the Court had previously ordered production of the Requests, QuoteWizard issued the subpoena to Drips that Drips as to which Drips now seeks a protective order from this Court. Mr. Mantha himself had issued a subpoena to Drips in November 2020 for the same information but Drips refused to produce.

## Argument

### I. Mr. Mantha Meets the Standard for Both Intervention as of Right and on a Permissive Basis

Under Federal Rule of Civil Procedure 24, a party may intervene either as of right, or on a permissive basis. Mt. Mantha meets both standards. As to intervention as of right, Rule 24(a) provides:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> **(1)** is given an unconditional right to intervene by a federal statute; or
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Mr. Mantha is a putative class plaintiff who, after four motions to compel, has received an order from the District of Massachusetts, obligating QuoteWizard to gather and produce the Requests. If this Court were to rule that QuoteWizard is not entitled to receive the Requests, plaintiff would be deprived of important evidence. QuoteWizard's status as a respondent to Drips' motion for a protective order is nominal. QuoteWizard's interest in obtaining evidence adverse to its defense in the underlying action (discovery which QuoteWizard resisted producing

3

in the face of several Court orders) cannot be considered an "adequate" representation of Plaintiff's interest in obtaining the information. Mr. Mantha's interests in the Underlying Action, as a practical matter are at risk.

Even if Mr. Mantha were not entitled to intervene as of right, which he is, he respectfully submits that the Court should exercise its discretion to grant him permissive intervention. Permissive intervention is governed by Rule 24(b), which provides:

> **(b) Permissive Intervention.**
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
> **(2)** *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> **(A)** a statute or executive order administered by the officer or agency; or
> **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.
> **(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

In the Underlying Action, Mr. Mantha's entitlement to the Requests has been the subject of four court orders in the Underlying Action, readily satisfying the shared common question of law or fact requirement of Rule 24(b)(1)(B). Mr. Mantha's motion to intervene is by any measure timely as Drips only filed its petition on March 12, 2021. Drips will suffer no prejudice by allowing Mr. Mantha to intervene or, in having to litigate the issue in the District of Massachusetts. Its lead counsel in the matter, Eric Troutman, Esq. is in Los Angeles, California. As multiple courts have found, given the wide-spread use of video conferencing in the wake of COVID-19 (including in the District of Massachusetts) there will be no prejudice to or burden to

Drips if the matter were to be transferred to Massachusetts. *Arclin USA, LLC v. Vits Tech. GmBH*, 2020 U.S. Dist. LEXIS 220745 (SDOH, November 24, 2020, Chelsey M. Vascura, MJ) (citing *Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 U.S. Dist. LEXIS 102231, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video-and teleconferencing in the wake of COVID-19).

Given that Fed. R. Civ. P. 24 should be liberally construed in favor of potential intervenors, *Pension Benefit Guar. Corp. v. Slater Steels Corp.*, 220 F.R.D. 339, 32 Employee Benefits Cas. (BNA) 1347, 2004 U.S. Dist. LEXIS 2651 (N.D. Ind. 2004), Mr. Mantha respectfully requests that be allowed to intervene in this action.

## II. This Action Should be Transferred to the District of Massachusetts Which Has Entered Four Orders on the Documents that Drips Seeks to Protect from Disclosure

Federal Rule of Civil Procedure 45(f) expressly provides for transfers of subpoena related actions from the compliance court to the issuing court if the compliance court finds exceptional circumstances:

> (f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

As detailed above, the Court in the District of Massachusetts has issued four orders in the Underlying Action pertaining to exactly the documents that Drips is attempting to shield from production in this action. A recent decision from the Southern District of Ohio exemplifies why

this action should be transferred:

> The undersigned finds that transferring Motion to Compel to the Northern District of Georgia pursuant to Rule 45(f) is appropriate. That court is in a much better position to assess the scope of appropriate discovery, whether any burden of responding is undue, and whether Arclin should be required to rely on party discovery prior to seeking documents from Hexion. Judge Michael L. Brown of the Northern District of Georgia has presided over the Georgia litigation for eight months, has already made extensive findings of fact as part of the preliminary injunction proceedings, and has adjudicated previous discovery disputes. *See* N.D. Ga. Case No. 1:20-cv-01197-MLB, ECF No. 44 (minute entry for teleconference regarding issues with discovery and depositions). Moreover, there are multiple additional discovery disputes in this case currently pending before Judge Brown. *See id.*, ECF Nos. 192, 202, 206.) Judicial economy will be best served by having all of these discovery disputes resolved by the same Court. *See also FTC v. A+ Fin. Ctr., LLC,* No. 1:13-MC-50, 2013 U.S. Dist. LEXIS 172472, 2013 WL 6388539, *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results"). Moreover, the burden on nonparty Hexion of having this dispute adjudicated by the Norther District of Georgia will be slight. Rule 45(f) allows counsel for Hexion to file papers and appear on the Motion to Compel as officer of the Northern District of Georgia. Further, it is unlikely that any travel will be required of Ohio-based counsel, as all proceedings thus far in the Georgia litigation have been held via telephone or videoconference. *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 U.S. Dist. LEXIS 102231, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to *Rule 45(f)* and noting burden on nonparty would be minimal due to courts' widespread use of video-and teleconferencing in the wake of COVID-19). Thus, the undersigned finds any burden of transfer on Hexion to be outweighed by the exceptional circumstances outlined *supra*.

*Arclin USA, LLC v. Vits Tech. GmBH,* No. 2:20-mc-48, 2020 U.S. Dist. LEXIS 220745, at *5-7 (S.D. Ohio Nov. 24, 2020).

As in the *Arclin* case, the Court in the District of Massachusetts itself found that the

6

discovery dispute "has already consumed substantial attorney and judicial resources, including multiple hearings." Ex. 1 at 12. Given this involvement by the District of Massachusetts, Mr. Mantha respectfully submits that transfer of this action to Massachusetts will serve judicial economy, comity between federal courts and will lessen the burden on the parties. Drips and its California based counsel will suffer no prejudice and will be able to participate by video-conference in Massachusetts just as easily as in Ohio.

## Conclusion

For the foregoing reasons, Mr. Mantha respectfully requests that his Motion to Intervene and for Transfer be granted.

Date: March 23, 2021

Respectfully submitted,

*/s/ Brian K. Murphy*
Brian K. Murphy (0070654)
MURRAY MURPHY MOUL BASIL LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614)488-0401
murphy@mmmb.com

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2021, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

By: */s/ Brian K. Murphy*
Brian K. Murphy