## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## AT AKRON

|  |  |  |
|---|---|---|
| **DRIPS HOLDINGS, LLC,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Case No: 5:21-mc-00017-PAB** |
| | ) | |
| **v.** | ) | **Judge Pamela A. Barker** |
| | ) | |
| **QUOTEWIZARD.COM LLC,** | ) | Arising from *Joseph Mantha v.* |
| | ) | *QuoteWizard.com, LLC*, No. |
| **Respondent.** | ) | **1:19-cv-12235-LTS (D. Mass.)** |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY ITS RESPONSE DEADLINE TO PETITIONER'S MOTION TO QUASH PENDING FORTHCOMING RULINGS THAT WILL AFFECT OR GOVERN THIS DISPUTE**

Respondent QuoteWizard.com LLC ("QuoteWizard") respectfully submits its memorandum of law in support of its Motion to Stay its response deadline to Petitioner Drips Holdings, LLC's ("Drips") Motion to Quash, which is currently March 29, 2021, pending forthcoming rulings that will govern or affect this dispute and therefore affect QuoteWizard's response, namely: (1) an expected forthcoming ruling in the underlying case in Massachusetts concerning the burden to Drips in producing the records at issue under the subpoena, and (2) a ruling from this Court on the pending motion to intervene and transfer. In the alternative, QuoteWizard requests a ten-day extension of its March 29, 2021 response deadline, or to and including April 8, 2021.

### BRIEF BACKGROUND

Drips filed its Motion to Quash and supporting documents on March 15, 2021 in this Court, seeking to quash a documents-only subpoena issued by QuoteWizard to Drips from the underlying case, *Joseph Mantha v. QuoteWizard.com, LLC*, Case No. 1:19-cv-12235-LTS (D. Mass.)

("Underlying Case").  *See* ECF No. 1.  Under the Local Rules, QuoteWizard's deadline to respond thereto is currently March 29, 2021.

The Honorable Leo T. Sorokin of the U.S. District Court for the District of Massachusetts, in the Underlying Case, has ordered QuoteWizard to produce to Plaintiff Joseph Mantha ("Mantha") approximately 46,000 consumer communications made by consumers to Drips when opting out of further communications where Drips had contacted consumers on behalf of QuoteWizard.  *See* ECF No. 8, Ex. 1 (March 16, 2021 Order in Underlying Case).  Judge Sorokin found that, although the records are in the possession of non-party Drips, QuoteWizard has "control" over the records under Fed. R. Civ. P. 34 such that it is required to produce what is in Drips's possession.  Because Drips has refused to produce those records to QuoteWizard to date upon multiple demands, QuoteWizard subpoenaed them from Drips directly.  *See* ECF No. 1, Ex. A (copy of Subpoena).  Drips did not comply with the Subpoena but instead filed this action to quash it.  *See* ECF No. 1.

Drips's primary argument in moving to quash the subpoena is that a response would cause undue burden.  *See* ECF No. 1-1, p. 8 ("Drips seeks the protections of this Court against the undue burden the Subpoena would impose.").  *See also id*., pp. 9-11.  Drips also argues relevance and proportionality in the context of undue burden.  *See generally* ECF No. 1-1.

After Drips filed its motion to quash, QuoteWizard filed a notice in the Underlying Case, attaching the motion to quash and related documents, to apprise the Court of the motion as it might affect QuoteWizard's then-pending motion for reconsideration of the Order requiring QuoteWizard to produce the records in Drips's possession.  In his March 16, 2021 Order on QuoteWizard's motion for reconsideration, Judge Sorokin took note of Drip's filings in this action and ordered the Parties in the Underlying Case to brief the issue of the burden to Drips in producing

the records at issue.  *See* ECF No. 8, Ex. 1, p. 12 ("[T]he Court shall consider these newly articulated burden concerns"), p. 13 (ordering supplemental briefing on issue of burden, to close on March 25, 2021).  Judge Sorokin also ordered the Parties to inform this Court of the March 16, 2021 Order.  *See id*., p. 13.[1]  *See also* ECF No. 8.

In response to the March 16th Order, in the Underlying Case, Mantha filed his supplemental briefing on March 23, 2021, QuoteWizard filed its supplemental briefing on March 25, 2021, and Mantha filed a sur-reply on March 26, 2021, regarding the burden to Drips if required to produce the records that are at issue in the subpoena.  *See* Exhibit 1 – *Mantha's Supplemental Briefing*; Exhibit 2 – *QuoteWizard's Supplemental Briefing (less exhibits)*; Exhibit 3 – *Mantha's Sur-Reply*. In addressing burden, QuoteWizard attached and referred to Drips's filings in this case, particularly the declaration from Tom Martindale.  *See* Ex. 2 (referencing the unredacted Declaration of Tom Martindale).  Given that the Court required short, expedited briefing on the issue, and that the Court is aware of the pendency of this case but has retained jurisdiction over the same issues/arguments pending herein, it is reasonably expected that the Court will issue a further ruling in short order.  For all of the same reasons, it is reasonably expected that the Court's further ruling will impact, if not govern, the same issues pending herein.

In the meantime, on March 23, 2021, Mantha filed in this case a motion to intervene and to transfer this action to the United States District Court for the District of Massachusetts under Fed. R. Civ. P. 45(f).  *See* ECF No. 9.  In support of the motion, Mantha represented that "the Court in the District of Massachusetts has issued four orders in the Underlying Action pertaining to exactly the documents that Drips is attempting to shield from production in this action" and

---

[1] QuoteWizard has appealed from the March 16, 2021 Order and related Orders finding that the records in Drips's possession are within QuoteWizard's "control" for the purposes of Fed. R. Civ. P. 34.  *See Joseph Mantha v. QuoteWizard.com, LLC*, Case No. 1:19-cv-12235-LTS (D. Mass.), Dkt. No. 169.

"[g]iven this involvement by the District of Massachusetts, … transfer of this action to Massachusetts will serve judicial economy, comity between federal courts and will lessen the burden on the parties." ECF No. 9, pp. 5, 7. Responses to the motion to intervene/transfer are due under the Local Rules by April 6, 2021.

## ARGUMENTS & AUTHORITIES

QuoteWizard respectfully requests a stay of its response deadline to Drips's motion to quash until such time that (1) Judge Sorokin issues his forthcoming ruling on the issue of the burden on Drips to produce the records that are at issue under the subpoena and (2) this Court rules on the pending motion to transfer.

Both rulings will affect the substance, if not also timing, of QuoteWizard's response to Drips's motion to quash. Either or both rulings will also affect (1) which Court decides the matter and (2) the primary issue underlying the matter, namely, undue burden to Drips in complying with the subpoena.

Insofar as Judge Sorokin rules that the burden on Drips is too great to justify production of the records at issue, then Drips's pending motion to quash herein will become moot. If Judge Sorokin finds the opposite, however, this will be a judicial finding entitled to comity in this Court relating to the motion to quash that rests primarily on undue burden grounds. *See*, *e.g.*, *Valley Enters. of Ohio LLC v. Gainey Transp. Servs.*, 2008 U.S. Dist. LEXIS 78970, at *2-3, 2008 WL 4279601 (N.D. Ohio Sep. 16, 2008) ("Comity requires that federal district courts, which are courts of equal rank and coordinate jurisdiction, be careful to avoid unnecessary interference with each other's affairs. As between federal district courts … the general principle is to avoid duplicative litigation." (quotation and citation omitted)).

Under similar circumstances, where the court in the underlying case is set to rule on an issue that will or might affect a pending, related discovery matter in a different court, courts have found it appropriate to stay any action on the discovery matter to allow a ruling in the underlying case. *See*, *e.g.*, *In re Verifone, Inc.*, 2018 U.S. Dist. LEXIS 122934, at *15-16, 2018 WL 3532761 (N.D. Cal. July 23, 2018) (exercising its "inherent power to manage the disposition of pending matters" by staying response to subpoena at issue in motion to quash proceedings "pending a decision on the question of subject matter jurisdiction in the underlying action") (noting that decision from underlying court will affect/control subpoena, therefore justifying stay); *Pure Fishing, Inc. v. Redwing Tackle, LTD.*, 2012 U.S. Dist. LEXIS 47885, at *8-9, 2012 WL 1133384 (W.D. Wash. April 4, 2012) (deferring action on motion to quash pending a ruling in underlying case; noting that court in underlying case was "in the best position to determine discovery disputes between the parties because it is hearing the underlying case and is intimately familiar with the facts and issues of the dispute"); *In re Cutting*, 2009 U.S. Dist. LEXIS 39465, at *2-3, 2009 WL 1291477 (D. Me. May 7, 2009) (staying action on motion to quash pending ruling in underlying case on related motion for protective order; "the requested stay is appropriate and serves the interests of speedy and just resolution of the matter at hand" where, among other things, court in underlying case was "familiar with the underlying issues").

As the Court noted in *In re Verifone*, "[n]othing compels this Court to risk disrupting the Southern District of Florida's management of the underlying case by deciding, on a non-party discovery motion, a question of jurisdiction that has been fully briefed by the parties in the issuing court." 2018 U.S. Dist. LEXIS 122934 at *12.

For the same or similar reasons, QuoteWizard respectfully submits that it is appropriate for the Court to stay QuoteWizard's response deadline pending Judge Sorokin's forthcoming ruling

on the issue of burden, which overlaps with Drips's objection to the subpoena as briefed in its motion to quash.  Judge Sorokin's rulings will at the very minimum be pertinent to, if not controlling of, the issues briefed by QuoteWizard and decided by this Court herein.  It is well within the Court's discretion to authorize such a stay.  *See*, *e.g.*, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93, 195 L. Ed. 2d 161 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Moreover, QuoteWizard does not expect a lengthy stay.  To the contrary, given that Judge Sorokin ordered short, expedited briefing on the issue of burden (*see* ECF No. 8, Ex. 1, pp. 12-13), QuoteWizard reasonably expects the ruling to be issued in relatively short order.

QuoteWizard also submits that its response deadline should be stayed pending this Court's ruling on Mantha's pending motion to intervene and transfer.  *See* ECF No. 9. As a basis for the motion, Mantha cites to and relies on the United States District Court for the District of Massachusetts's "involvement" in the issues underlying this case.  *See* ECF No. 9, p. 7.  Based on Drips's counsel's non-assent to QuoteWizard's instant motion to stay its response deadline, QuoteWizard expects Drips to deny any comity or other effect of Judge Sorokin's rulings on this dispute.  QuoteWizard reasonably submits that the motion to transfer therefore should be decided *before* QuoteWizard is required to substantively respond to the motion to quash because such ruling will further clarify to the Parties the effect, if any, of Judge Sorokin's rulings on this case.

Therefore, QuoteWizard respectfully requests that this Court stay its response deadline to Drips's motion to quash, which is currently March 29, 2021, until such time that Judge Sorokin

issues his forthcoming ruling on the issue of burden and this Court rules on the pending motion to transfer. Otherwise, QuoteWizard will be forced to file a substantive response and then submit supplemental briefing after Judge Sorokin renders his forthcoming ruling. There is also the risk that this Court, in the absence of a stay, could decide the matter before Judge Sorokin issues his forthcoming ruling, therefore potentially leading to competing rulings from two different District Courts on the same issue regarding undue burden.

QuoteWizard will promptly inform this Court of applicable rulings in the Underlying Case and will file copies of the same if this Motion is granted.

In the alternative, QuoteWizard respectfully requests a ten-day extension of its response deadline, to and including April 8, 2021. Drips's counsel has assented to this alternative relief.

Respectfully submitted,

*/s/ Melissa Foster Bird*
Melissa Foster Bird (Ohio Bar No. 0064670)
Nelson Mullins Riley & Scarborough LLP
949 Third Ave., Ste. 200
Huntington, WV 25701
(304) 526-3500
(304) 526-3599 FAX
melissa.fosterbird@nelsonmullins.com

**Attorneys for Respondent QuoteWizard.com LLC**

## **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that, on March 29, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all attorneys of record registered with the Court's CM/ECF system as follows, and has e-mailed a copy of this document to the below counsel if not registered:

Jesse L. Taylor, Esq.
Squire Patton Boggs (US) LLP
41 South High Street
Columbus, OH 43215
jesse.taylor@squirepb.com

Eric J. Troutman, Esq.
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
eric.troutman@squirepb.com

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
mmccue@massattorneys.net

Edward A. Broderick, Esq.
Broderick Law, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
ted@broderick-law.com

Anthony I. Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Alex M. Washkowitz, Esq.
Jeremy Cohn, Esq.
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

                    */s/ Melissa Foster Bird*