# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH MANTHA on behalf of themselves and others similarly situated, | : : : : | |
| Plaintiff, | : : | Case No. 1:19-cv-12235-LTS-PK |
| v. | : : | |
| QUOTEWIZARD.COM, LLC | : : | |
| Defendant. | : : : | |

## PLAINTIFF'S RESPONSE TO COURT'S REQUEST FOR BRIEFING ON CLAIM OF BURDEN AS TO THE PRODUCTION OF DO NOT CALL REQUESTS

For the reasons set forth below, the Court should reject the convenient and late claims of burden by both Quotewizard.com, LLC ("QuoteWizard") and its telemarketing agent, Drips Holdings, LLC ("Drips"). The claims are without merit and should be rejected.

### I. RELEVANT BACKGROUND

This Court is now well familiar with the dispute at issue. *See* ECF# 162, Order of Court on Reconsideration (recounting the tortured history of this discovery dispute and QuoteWizard's history of not complying with Court Orders). Plaintiff has filed a motion to intervene in the action filed in the Northern District of Ohio by Drips seeking to quash the subpoena issued to it by QuoteWizard, requesting that the Drips action be transferred to this Court.

### II. STANDARD OF REVIEW

Plaintiff submits this memorandum in response to the Court's Order (ECF #162) requiring briefing as to the applicable legal standard of care of a claim of burden in these circumstances. In the First Circuit, the relevant standard for establishing burden is set forth below:

1

> Rule 45(d)(3) provides that "[o]n a timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "When determining whether a subpoena duces tecum results in an undue burden on a party such factors as 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request . . . expense and inconvenience' can be considered." Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008) (citing Demers v. LaMontagne, No. 98-10762-REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999)). The party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." Sterling Merchandising, Inc. v. Nestle, S.A., No. 06-1015(SEC), 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008) (quoting 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2459 (2d ed. 1995)); see also Ameritox, Ltd. v. Millennium Labs., Inc., No. 12-cv-7493, 2012 WL 6568226, at *2 (N.D. Ill. Dec. 14, 2012) ("To demonstrate undue burden, the movant must provide 'affirmative and compelling proof.'"); Biological Processors of Alabama, Inc. v. North Georgia Environmental Servs., Inc., No. 09-3673, 2009 WL 1663102, at *1 (E.D. La. June 11, 2009) (citation omitted) ("When the burdensomeness of a subpoena is at issue, the onus is on the party who alleges the burden to establish the burden with specificity, 'and assertions of a burden without specific estimates of staff hours needed to comply' are typically rejected.").

*Trs. of Bos. Univ. v. Everlight Elecs. Co.,* No. 12-cv-11935-PBS, 2014 U.S. Dist. LEXIS 203817, at *13-14 (D. Mass. Sep. 8, 2014)

### III. ARGUMENT

**A. Knowing For Years Its Telemarketing Practices Generated TCPA Complaints and Class Action Lawsuits, Drips Should Not Benefit From Deliberately Storing Evidence of Violations In A Conveniently Difficult to Access Manner.**

Since June of 2018, Drips has been a defendant in a putative TCPA class action pending in the Northern District of California captioned *Berman, et al v. Freedom Financial Network, LLC, Freedom Debt Relief, LLC and Lead Science, LLC,* 4:18-cv-01060-YGR. In that action, contrary to its claim here, Drips was able to produce 226,434 do not call responses sent in reply to telemarketing texts sent by Drips in that

2

case. *See Berman v. Freedom Fin. Network, LLC,* 400 F. Supp. 3d 964, 977 (N.D. Cal. 2019) (discussing the 226,434 opt out requests received from consumers in response to debt-relief telemarketing calls). Counsel for Ms. Mantha is also counsel for plaintiffs in the *Berman* action.

Accordingly, based on public records alone, and long prior to the commencement of the QuoteWizard text marketing campaign at issue, Drips was on notice that its conduct was allegedly violating the law, and it had a duty to preserve all evidence relating to such alleged violations. Knowing that its conduct was giving rise to TCPA litigation, Drips apparently however still chose to make a conscious decision to store Do Not Call requests from consumers in a manner that it an inaccessible manner. *See* ECF #161-2 at pg 3-4 (Drips' Memorandum in Support of Motion to Quash) (Drips admits it stored evidence in a manner "not well indexed," and "stored chronologically without regard to client or campaign.")

In addition, the contract between Drips and QuoteWizard *envisioned and anticipated* the exact TCPA litigation that has arisen from the text telemarketing campaign at issue. The contract discusses the fact that Drips' telemarketing equipment could constitute a heavily regulated ATDS under applicable law, and that QuoteWizard would take the lead on responding to any TCPA related litigation or subpoenas. *See ECF 136-3 (Drips QuoteWizard contract.)* QuoteWizard and Drips even agreed to indemnify one another for conduct violative of the TCPA. Despite the fact that the contract between QuoteWizard and Drips envisioned and anticipated TCPA litigation, Drips still consciously chose to place Do Not Call requests in "cold storage." *See* ECF #161-2 at pg 3-4 (Drips' Memorandum In Support of Motion to Quash) (evidence stored in a manner "not well indexed," and "stored chronologically without regard to client or campaign.")

Further, Drips' claim of burden is particularly incredible as we now know from the compelled production of the document "Tiered Opt Out Logic," that Drips agreed that it would individually examine and assess every single one of the Do Not Call requests received by

3

recipients of QuoteWizard telemarketing texts and assign each DNC request a "tier" between 1-3. *See ECF 136-5 (Drips DNC Tier Document.)*. Complaints assigned a "Tier 1" were those consumers who Drips referred to as "**the screamers**" "**upset that they are being called or texted.**" *See ECF 136-3 (Drips QuoteWizard contract.)*

By its own admission then, Drips agreed to evaluate all Do Not Call requests one by one, after which it of course had the opportunity to store these requests in a logically indexed and easily accessible manner. It consciously chose not to do so. Now, having intentionally stored evidence it knew was relevant to TCPA litigation in such a disorganized manner, Drips claims that it will now take "hundreds if not thousands of developer hours" of its "lean and mighty" developer team, to search for and produce this evidence. *See* ECF #161-4, Declaration of Tom Martindale, at ¶14. QuoteWizard's adoption of Drips' position should be rejected by this Court as allowing complex data storage to defeat discovery obligations would make enforcement of the TCPA impossible.

As this Court has previously held:

> "The duty to preserve evidence arises when litigation is reasonably anticipated." *Gordon v. Dreamworks Animation SKG, Inc.,* 935 F. Supp. 2d 306, 314 (D. Mass. 2013) (internal quotation marks and citation omitted). "Spoliation can be defined as the failure to preserve evidence that is relevant to pending or potential litigation." Gonzalez-Bermudez v. Abbott Labs. PR Inc., 214 F. Supp. 3d 130, 160 (D.P.R. 2016) (internal quotation marks and citation omitted).

*Integrated Communs. & Techs., Inc. v. Hewlett-Packard Fin. Servs. Co.,* No. 16-10386-LTS, 2020 U.S. Dist. LEXIS 145622, at *9 (D. Mass. Aug. 13, 2020) (Sorokin, J.) The duty to preserve in the context of responses to telemarketing is particularly strong, as the TCPA requires telemarketers to maintain an internal Do Not Call list. 47 C.F.R. § 64.1200(d)(1).

4

B.  **In Addition to Requiring QuoteWizard to Obtain and Produce the Do Not Call Requests, QuoteWizard Should Be Ordered to Obtain and Produce Calling Records and All Other Evidence in Drips' Possession**

As the Court noted in its Order denying QuoteWizard's most recent motion for reconsideration, previously, "QuoteWizard represented to the Court that the documents at issue were being preserved by Drips" but now has filed documents claiming accessing the documents would shut Drips down as a company. ECF162 at 12-13. In light of this change in position, Plaintiff respectfully submits that QuoteWizard should be ordered to obtain all responsive discovery from its agent Drips.

PLAINTIFF,

By his attorneys

*/s/ Edward A. Broderick*
Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW LAW GROUP, P.C.
188 Oaks Road Framingham, MA 01701
alex@cwlawgrouppc.com

Date: March 23, 2021

CERTIFICATE OF SERVICE

    I hereby certify that on March 23, 2021, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

                          By:  */s/ Edward A. Broderick*
                                  Edward A. Broderick