# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### AT AKRON

| | |
|---|---|
| DRIPS HOLDINGS, LLC, | |
| Petitioner, | Case No: 5:21-mc-00017-PAB |
| v. | Judge Pamela A. Barker |
| QUOTEWIZARD.COM LLC, | Arising from *Joseph Mantha v. QuoteWizard.com, LLC*, No. 1:19-cv-12235-LTS (D. Mass.) |
| Respondent. | |

**RESPONDENT'S RESPONSE AND OPPOSITION IN PART TO PLAINTIFF JOSEPH MANTHA'S MOTION TO INTERVENE AND TO TRANSFER ACTION**

Respondent QuoteWizard.com LLC ("QuoteWizard") hereby respectfully submits its Response to Joseph Mantha's ("Mantha") Motion to Intervene and Transfer this matter to the U.S. District Court for the District of Massachusetts [ECF No. 9]. QuoteWizard does not oppose, but rather assents to, the transfer of the action to the District of Massachusetts, and does not oppose Mantha's motion to intervene for the purposes of filing the motion to transfer. QuoteWizard <u>does oppose</u> the motion to intervene insofar as it seeks to obtain a right by Mantha to be substantively heard in this matter, as he has not articulated any reason why he should be granted such right.

**STATUS OF RELATED DISCOVERY PROCEEDINGS IN UNDERLYING CASE**

In the underlying case, *Joseph Mantha v. QuoteWizard.com, LLC*, Case No. 1:19-cv-12235-LTS (D. Mass.) ("Underlying Case"), discovery proceedings relevant to and controlling of this action continue with respect to the same records at issue herein.

As noted previously to this Court, the District of Massachusetts in the Underlying Case ordered QuoteWizard to produce to Mantha certain records in the exclusive possession of Petitioner Drips Holdings, LLC ("Drips") under the theory that QuoteWizard had "control" over

them within the meaning of Fed. R. Civ. P. 34[1], namely—approximately 46,000 consumer communications made by consumers to Drips when opting out of further communications where Drips had contacted consumers on behalf of QuoteWizard. *See* ECF No. 8, Ex. 1 (March 16, 2021 Order in Underlying Case). Because Drips has refused to produce those records to QuoteWizard to date upon multiple demands, QuoteWizard subpoenaed them from Drips directly. *See* ECF No. 1, Ex. A (copy of Subpoena). Drips did not comply with the Subpoena but instead filed this action to quash it. *See* ECF No. 1.

Drips's primary argument in moving to quash the subpoena is that a response would cause undue burden. *See* ECF No. 1-1, p. 8 ("Drips seeks the protections of this Court against the undue burden the Subpoena would impose."). *See also id.*, pp. 9-11. Drips also argues relevance and proportionality in the context of undue burden. *See generally* ECF No. 1-1.

After Drips filed its motion to quash, QuoteWizard filed a notice in the Underlying Case, attaching the motion to quash and related documents, to apprise the Court of the motion as it might affect QuoteWizard's then-pending motion for reconsideration of the Order requiring QuoteWizard to produce the records in Drips's possession. In his March 16, 2021 Order on QuoteWizard's motion for reconsideration, the Honorable Leo T. Sorokin took note of Drip's filings in this action and ordered the Parties in the Underlying Case to brief the issue of the burden to Drips in producing the records at issue. *See* ECF No. 8, Ex. 1, p. 12 ("[T]he Court shall consider

---

[1] Mantha erroneously states in his motion that the District of Massachusetts had found that the records were within QuoteWizard's "possession custody or control" [ECF No. 9, p. 2] but this is not correct and likely a statement made in error by Mantha. At all times the undisputed evidence has been, and the District of Massachusetts has found, that the records are *in the exclusive possession* of Drips and that QuoteWizard does not possess and has never possessed them. *See*, *e.g.*, ECF No. 8, Ex. 1, p 6. The District of Massachusetts, however, found the records within the "control" of QuoteWizard under a theory that the contract between QuoteWizard and Drips required Drips to produce them upon demand and QuoteWizard had a practical ability to obtain them. *Id.*, pp. 7-9. QuoteWizard has demanded the production of the records from Drips and served a subpoena to obtain them but Drips has refused to produce them to date regardless of the District of Massachusetts's findings.

these newly articulated burden concerns"), p. 13 (ordering supplemental briefing on issue of burden, to close on March 25, 2021). Judge Sorokin also ordered the Parties to inform this Court of the March 16, 2021 Order. *See id.*, p. 13.[2] *See also* ECF No. 8.

In response to the March 16th Order, in the Underlying Case, Mantha filed his supplemental briefing on March 23, 2021, QuoteWizard filed its supplemental briefing on March 25, 2021, and Mantha filed a sur-reply on March 26, 2021, regarding the burden to Drips if required to produce the records that are at issue in the subpoena. *See* ECF No. 11, Exs. 2-4. In addressing burden, QuoteWizard attached and referred to Drips's filings in this case, particularly the declaration from Tom Martindale. *See id.*, Ex. 3 (referencing the unredacted Declaration of Tom Martindale).

By Order dated March 31, 2021, Judge Sorokin noted from Mantha's filings that it appeared that Drips had been able to produce similar do not call records, and indeed approximately 226,000 of them, in a putative class action case in the Northern District of California. *See* March 31, 2021 Order (attached hereto as **Exhibit A**), p. 3 ("Mantha points out Drips was previously able to produce 226,434 consumer Do Not Call requests, seemingly similar in nature to the Do Not Call requests at issue here, in another proceeding before the United States District Court for the Northern District of California. Doc. No. 163 at 2–3 (citing Berman v. Freedom Fin. Network, LLC, 400 F. Supp. 3d 964, 977 (N.D. Cal. 2019) (discussing, and citing to, documents on the docket of that case evincing Drips' production of 226,434 opt out requests))").

Judge Sorokin noted that this might be inconsistent with Drips's argument that producing the 46,000 communications at issue herein would constitute undue burden. *See id.*, p. 4 (it "appears … that Drips has previously produced records practically identical in nature to those presently at

---

[2] QuoteWizard has appealed from the March 16, 2021 Order and related Orders finding that the records in Drips's possession are within QuoteWizard's "control" for the purposes of Fed. R. Civ. P. 34. *See Joseph Mantha v. QuoteWizard.com, LLC*, Case No. 1:19-cv-12235-LTS (D. Mass.), Dkt. No. 169. However, this has not affected that Court's jurisdiction to hear the separate issue of undue burden.

3

issue, and in much greater volume. This evidence sits in apparent tension with QuoteWizard's (and Drips') repeated representations that compelled production would impose extraordinary burdens on Drips.").

However, Judge Sorokin provided QuoteWizard <u>or Drips</u> seven days to file supplemental briefing to address why Drips was able to produce the records in the other case but was arguing that producing similar records herein would be unduly burdensome. *See id.*, pp. 4-5 ("The Court recognizes, however, that Drips' prior production occurred in the past and that there may be factors regarding that production of which the Court is unaware. The Court therefore makes no determination at this time as to whether QuoteWizard has carried its burden. The Court shall allow QuoteWizard to submit a supplemental filing explaining why production of the documents at issue would constitute undue burden, in light of the evidence discussed above. Drips is also invited to submit its own filing addressing its prior production, should it so choose. Any such appearance by Drips shall be deemed to be for the limited purpose of addressing this question and shall not be construed as consent to the Court's jurisdiction more generally.").

That supplemental filing is due by April 7, 2021, and the Court allowed Mantha to respond thereto within seven days, or by April 14, 2021. *See id.* QuoteWizard has no personal knowledge of Drips's systems and its prior production, and therefore is only able to relay to the Court, at most, what Drips chooses to share with it or file on its own behalf before that deadline.

**TRANSFER IS APPROPRIATE; NO BURDEN TO DRIPS**

QuoteWizard assents to Mantha's motion to transfer under Fed. R. Civ. P. 45(f). *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

Transfer to the District of Massachusetts is warranted to avoid disrupting that Court's continued management of and jurisdiction over the same issues that will be briefed and argued herein, namely, Drips's argument that the production would be unduly burdensome or not proportional to the needs of the case. For the same reason, transfer is warranted to avoid the very real possibility that this Court could reach inconsistent findings and conclusions than the District of Massachusetts concerning the very same records and issues, particularly where Drips has signaled that it may reserve its undue briefing argument for this action only and, therefore, refuse to file anything directly in the District of Massachusetts despite Judge Sorokin's express invitation.[3]

Judge Sorokin has retained jurisdiction over this very issue of undue burden, and has expressly invited Drips to submit affidavits and briefing on this point. This reason alone justifies transfer. *See* Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment (transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts"). *See also Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, 2016 U.S. Dist. LEXIS 107769, at *16-18 (W.D.N.Y. Aug. 15, 2016) (factors evidencing exceptional circumstances to warrant transfer include "issuing court's familiarity with discovery, the complexity of that discovery in the underlying case (that is, whether this Court as the compliance court can step into this portion of discovery without the full procedural context of the rest of the case), and whether there is a possibility of inconsistency if [court of compliance] does not transfer the subpoena proceeding"; "what would be exceptional is if discovery is

---

[3] QuoteWizard submits that any such refusal should be considered a waiver to any arguments or evidence Drips would attempt to make here but refuses to make in the District of Massachusetts. Drips cannot choose to hold information back in the Underlying Case but press it herein for the first time as a strategic decision.

complicated and involved and is continuing in the subpoena before the compliance court. Has the issuing court already ruled on the discovery issues … in order to justify transfer? Is there the potential for inconsistent decisions between the issuing and compliance courts that would place the parties and the non-party Respondent in jeopardy?").

Moreover, there is no discernible prejudice to Drips if this matter is transferred to the District of Massachusetts where the Underlying Case is proceeding. No in-person hearings are currently being held in civil cases in the District of Massachusetts, meaning that Drips through counsel could attend any hearing virtually and otherwise brief and argue its motion to quash from the comfort of its home state or where its lead counsel works in Los Angeles, California. This is not just the burden-reducing logistics that the Advisory Committee suggests where an action is transferred but is actually the current norm due to the COVID-19 pandemic. *See* Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment ("If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending. The rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court.").

Further, Drips is no stranger to the Underlying Case. To the contrary, it has already been deposed in the Underlying Case pursuant to Fed. R. Civ. P. 30(b)(6) via the same person who submitted a declaration in this case (Tom Martindale), and it also responded to a documents subpoena issued by Mantha therein. Drips's counsel has also been involved in telephonic conferences related to discovery matters in the Underlying Case, such as issues of preservation of

Drips's records. All of this was done through Drips's California-based counsel and establishes that Drips can just as easily virtually appear in the District of Massachusetts if this matter is transferred.

Alternatively, this Court could stay this matter until Judge Sorokin issues a further ruling on the issue of undue burden and then apply his findings and rulings in comity. *See*, *e.g.*, *Valley Enters. of Ohio LLC v. Gainey Transp. Servs.*, 2008 U.S. Dist. LEXIS 78970, at *2-3, 2008 WL 4279601 (N.D. Ohio Sep. 16, 2008) ("Comity requires that federal district courts, which are courts of equal rank and coordinate jurisdiction, be careful to avoid unnecessary interference with each other's affairs. As between federal district courts … the general principle is to avoid duplicative litigation." (quotation and citation omitted)).

What is critically important regardless of whether this matter is transferred or not is that inconsistent rulings between two courts be avoided. If QuoteWizard continues to be ordered to produce records in the exclusive possession of Drips (such order is currently pending Judge Sorokin's consideration of undue burden), then Drips likewise must be ordered to produce them to QuoteWizard under the subpoena or otherwise. Mantha has signaled that he intends to pursue contempt proceedings against QuoteWizard should it not ultimately produce the records held by Drips, which it refuses to produce to QuoteWizard, despite that Mantha's counsel freely recognizes that Drips refuses to share these records with QuoteWizard and this is beyond QuoteWizard's actual control. *See* ECF No. 9, p. 3 ("If the Court were to rule that QuoteWizard is not entitled to receive the [records], plaintiff would be deprived of important evidence."). *Compare* Docket in Underlying Case, Dkt. No. 170, p. 4 ("The next step if QuoteWizard continues to defy the Orders of this Court is to proceed to contempt proceedings.").[4]

---

[4] Mantha's understanding that the records are solely in Drips's possession and that QuoteWizard has demanded and been refused the production of those records by Drips is well documented, including by the fact that Mantha first sought the records from Drips directly. *See* ECF No. 9, p. 3 ("Mr. Mantha himself had issued a subpoena to Drips in November 2020 for the same information but Drips refused to produce.").

Therefore, it is critical that the findings and rulings be consistent across the two cases, whether or not this matter is ultimately transferred. Either QuoteWizard is ultimately required to produce the records to Mantha that are in Drips's exclusive possession <u>and</u> therefore Drips is ultimately required to produce them to QuoteWizard, <u>or</u> QuoteWizard is not required to produce on the grounds of undue burden and therefore the subpoena becomes moot and/or subject to quashing.

## MANTHA HAS NO RIGHT TO BE SUBSTANTIVELY HEARD

QuoteWizard assents to Mantha's motion to intervene but only for consideration of and decision upon his motion to transfer. For the reasons stated below, there are no good grounds to allow Mantha to intervene for the purposes of being substantively heard in this matter.

Mantha does not articulate a basis in his motion for why he should be *substantively heard* in this matter through briefing and oral argument. No such basis appears to exist. As noted *supra*, the primary issue raised in this matter by Drips is undue burden. Mantha has already extensively briefed this issue before the District of Massachusetts (with a chance to submit further supplemental briefing in the Underlying Case by April 14, 2021), and such issue is under active consideration by the District of Massachusetts.

---

That Mantha would signal an intent to bring contempt proceedings against QuoteWizard where QuoteWizard has no possible way of obtaining the records at issue short of an Order directly binding Drips is telling of Mantha's motives; there is no reasonable, good faith basis for Mantha to seek an order of contempt against QuoteWizard where QuoteWizard is not willfully defying any orders and no amount of orders entered against QuoteWizard can compel <u>Drips</u> to comply.

An inconsistent ruling in the Underlying Case (if ultimately ruling that QuoteWizard must produce the records in Drips's possession) and in this matter if not transferred (if quashing the subpoena) would expose QuoteWizard to a bad faith contempt motion even though it has no ability to obtain the records from Drips absent a court order binding Drips and therefore is not in a position to comply with or disobey an order requiring it to produce the records.

Moreover, Mantha has no personal knowledge of the undue burden that production may or may not cause Drips, as Mantha has no knowledge of Drips's systems. And Mantha chose not to enforce his subpoena issued to Drips for the same records and is not a party to the subpoena issued by QuoteWizard from Drips. As further noted *supra* FN4, Mantha has muddied the record by both acknowledging that Drips exclusively possesses the records but also inconsistently arguing fault of QuoteWizard for not producing records that it to date cannot physically or legally obtain.

## CONCLUSION

QuoteWizard assents to Mantha's request to transfer this matter to the District of Massachusetts and assents to Mantha's motion to intervene solely for the consideration of and decision upon that request to transfer, but opposes Mantha's request to intervene for any other purpose, including to be substantively heard. In the alternative, QuoteWizard requests that the Court apply Judge Sorokin's findings and conclusions in this matter if not transferred.

Respectfully submitted,

Dated: April 6, 2021

*/s/ Melissa Foster Bird*
Melissa Foster Bird (Ohio Bar No. 0064670)
Nelson Mullins Riley & Scarborough LLP
949 Third Ave., Ste. 200
Huntington, WV 25701
(304) 526-3500
(304) 526-3599 FAX
melissa.fosterbird@nelsonmullins.com

**Attorneys for Respondent QuoteWizard.com LLC**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 6, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all attorneys of record registered with the Court's CM/ECF system as follows, and has e-mailed a copy of this document to the below counsel if not registered:

Jesse L. Taylor, Esq.
Squire Patton Boggs (US) LLP
41 South High Street
Columbus, OH 43215
jesse.taylor@squirepb.com

Eric J. Troutman, Esq.
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
eric.troutman@squirepb.com

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
mmccue@massattorneys.net

Edward A. Broderick, Esq.
Broderick Law, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
ted@broderick-law.com

Anthony I. Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Alex M. Washkowitz, Esq.
Jeremy Cohn, Esq.
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

*/s/ Melissa Foster Bird*