# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH MANTHA, *on behalf of himself and others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-12235-LTS |
| QUOTEWIZARD.COM, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 149)

March 31, 2021

SOROKIN, J.

This is a putative consumer class action brought against Defendant QuoteWizard.com, LLC under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. At issue is an order from Chief Magistrate Judge Kelley requiring QuoteWizard to produce three categories of documents relating to text messaging conducted on its behalf by Drips Holdings, LLC. On February 24, 2021, the undersigned denied QuoteWizard's Objection (Doc. No. 133) to Judge Kelley's Order. On March 5, 2021, QuoteWizard moved for reconsideration (Doc. No. 149) of that ruling. On March 16, 2021, the Court issued a written decision (Doc. No. 162) regarding QuoteWizard's motion.

In the decision issued on March 16th, the undersigned affirmed again Judge Kelley's determination the three categories of documents at issue are (1) relevant and (2) within the possession, custody, or control of QuoteWizard. Doc. No. 162 at 13. The Court noted, however, that QuoteWizard had—for the first time since litigation over these documents began in

1

September of last year—offered evidence substantiating its claims of undue burden. Id. at 11 ("[T]his is the first occasion on which the Court has been presented with evidence of burden."). Given the gravity of QuoteWizard's representations as to burden, the Court determined it would overlook the procedural posture in which these fresh representations were raised and consider QuoteWizard's arguments on the merits. Consequently, the Court reserved on the question of burden and ordered further briefing. Id. at 12. The parties have obliged. Doc. Nos. 163, 165, 170.[1]

Much of the briefing has focused on whether the production of roughly 46,000 Do Not Call requests in Drips' possession would constitute an undue burden. QuoteWizard argues the documents at issue are not reasonably accessible and production would "require thousands of hours of manpower that could threaten [Drips'] continued existence." Doc. No. 165 at 1. In support, QuoteWizard offers an affidavit filed by Drips in an action brought pursuant to Federal Rule of Civil Procedure 45 in the United States District Court for the Northern District of Ohio ("the Rule 45 action"). Drips Holdings, LLC v. QUOTEWIZARD.COM, LLC, 5:21-mc-00017-PAB (N.D. Ohio filed Mar. 15, 2021). In the Rule 45 action, Drips seeks to quash a subpoena from QuoteWizard demanding production of the Do Not Call requests. The affidavit filed by Drips in the Rule 45 action, and presented to the undersigned by QuoteWizard, contains the sworn representations of Drips Chief Strategy Officer Tom Martindale. Doc. No. 165-3. As

---

[1] During this course of supplemental briefing, QuoteWizard filed a Notice of Appeal (Doc. No. 169) regarding (1) Judge Kelley's January 11, 2021 Order (Doc. No. 132), (2) the undersigned's February 24, 2021 Order (Doc. No. 144) affirming Judge Kelley's Order, and (3) the undersigned's March 16, 2021 Order (Doc. No. 162) denying in part and reserving in part QuoteWizard's Motion for Reconsideration. The Court understands QuoteWizard's appeal to be limited to the question of possession, custody, or control, see Doc. No. 174 at 3, and to not touch on the question of burden—a question not yet resolved by the Court. Thus, the Court concludes it retains jurisdiction over proceedings relating to the question of burden, notwithstanding QuoteWizard's pending appeal.

2

relevant here, Martindale avers: (1) Drips keeps its records, including its communications with consumers, on so-called "active servers" for sixty days; (2) after sixty days, Drips' records are transferred to "cold storage servers in a data warehouse"; (3) Drips keeps significant amounts of data in cold storage and this data is not indexed or otherwise easily searchable; and (4) accessing the documents which Judge Kelley ordered produced would require the development of new software programs, "perhaps hundreds of thousands of hours" of labor, and "years of processing time." Doc. No. 165-3 at 4. Martindale avers the associated burden would be so substantial that it could well "result in [Drips] having to shut down altogether." Id. at 12.

In response, Plaintiff Joseph Mantha points out Drips was previously able to produce 226,434 consumer Do Not Call requests, seemingly similar in nature to the Do Not Call requests at issue here, in another proceeding before the United States District Court for the Northern District of California. Doc. No. 163 at 2–3 (citing Berman v. Freedom Fin. Network, LLC, 400 F. Supp. 3d 964, 977 (N.D. Cal. 2019) (discussing, and citing to, documents on the docket of that case evincing Drips' production of 226,434 opt out requests)). The Court has examined documents on the public docket underlying the decision cited by Mantha. Specifically, the Court reviewed (1) a declaration by an attorney attesting to the fact Drips produced roughly 226,000 Do Not Call requests received by Drips via text messages from people to whom it had sent telemarketing text messages and (2) a spreadsheet containing roughly 5,000 text message communications, which are apparently a sample of the roughly 226,000 Do Not Call requests produced by Drips. See Declaration of Jon B. Fougner at 2–3 & Exhibit A – Wrong-Number Complaints, Berman 400 F. Supp. 3d 964 (N.D. Cal. 2019) (4:18-cv-01060-YGR) (Doc. Nos. 144 & 144-1). This spreadsheet includes not only the date of the Do Not Call request but also the underlying consumer communications. From the Court's preliminary review of the spreadsheet,

3

the text message communications seemingly produced by Drips span a period stretching from roughly mid-2017 through to early 2018—i.e. a period of greater than sixty days. QuoteWizard replied to Mantha's brief but did not address this evidence or the case to which Mantha pointed. See generally Doc. No. 165.

The law is clear the party resisting discovery bears the burden of showing that a request for documents imposes an undue burden. See Trs. of Bos. Univ. v. Everlight Elecs. Co., No. 12-CV-11935-PBS, 2014 WL 12792496, at *4 (D. Mass. Sept. 8, 2014) (citing Sterling Merch., Inc. v. Nestle, S.A., No. 06-1015(SEC), 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008); see also 9A Wright & Miller, Federal Practice and Procedure § 2459 & n.7.1 (3d ed.) (collecting cases); Cusumano v. Microsoft Corp., 162 F.3d 708, 716 (1st Cir. 1998) (describing the applicable burden-shifting framework in a related context). Here, on this record, QuoteWizard has failed to address evidence before the Court which appears to show that Drips has previously produced records practically identical in nature to those presently at issue, and in much greater volume. This evidence sits in apparent tension with QuoteWizard's (and Drips') repeated representations that compelled production would impose extraordinary burdens on Drips. The Court recognizes, however, that Drips' prior production occurred in the past and that there may be factors regarding that production of which the Court is unaware. The Court therefore makes no determination at this time as to whether QuoteWizard has carried its burden.

The Court shall allow QuoteWizard to submit a supplemental filing explaining why production of the documents at issue would constitute undue burden, in light of the evidence discussed above. Drips is also invited to submit its own filing addressing its prior production, should it so choose. Any such appearance by Drips shall be deemed to be for the limited purpose of addressing this question and shall not be construed as consent to the Court's jurisdiction more

generally. Should QuoteWizard or Drips choose to submit a supplementary filing, all facts or explanations offered in the filing must be supported by affidavits. Any such filing is due within seven days from the date of this Order and is limited to 7 pages. Any response by Mantha is due seven days thereafter and is also limited to 7 pages.

QuoteWizard is hereby ORDERED to provide Drips with a copy of this Order.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge