# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# Akron Division

| | |
|---|---|
| Drips Holdings, LLC, | ) |
| Petitioner, | ) Case No. 5:21-mc-17 Judge Barker |
| v. | ) |
| QUOTEWIZARD.COM, LLC, | ) Arising from Civil Action No. 1:19-cv-12235-LTS, pending in the United States District Court for the District of Massachusetts |
| Respondent. | ) |

## DRIPS HOLDING, LLC'S OPPOSITION TO PLAINTIFF'S
## LIMITED MOTION TO INTERVENE AND FOR TRANSFER

Drips Holdings, LLC ("Drips") respectfully requests that the Court deny Mr. Mantha's improper motion to intervene and to transfer QuoteWizard.com, LLC's ("QuoteWizard") subpoena to the District of Massachusetts.

Joseph Mantha, the plaintiff in the underlying Massachusetts litigation, improperly seeks to intervene in a case involving a subpoena he did not issue. He does so after failing to pursue records in connection with his own subpoena issued earlier in the same underlying case.

While the factual background is detailed in Drips' Memorandum in Support of its motion to quash [ECF No. 1-2], it bears repeating that Mr. Mantha voluntarily abandoned his requests to obtain this information directly from Drips, and has not sought to compel Drips to produce these records. Instead, Mr. Mantha now asks the Court to allow him to intervene in this separate action involving Drips' motion to quash *QuoteWizard's* subpoena for the purpose of requesting transfer to the underlying court, despite this Court's undeniable jurisdiction to resolve the issue. This is unprecedented and inappropriate.

- 1 -

Even if intervention is permitted, the Federal Rules of Civil Procedure create a heavy presumption that the merits of Drips' motion to quash are properly resolved in this Court. Mr. Mantha must demonstrate an "exceptional case" to merit transfer. He has not come close to making that showing. Indeed, the Rules permitting subpoenaed parties to seek protection in their home venue operate precisely to protect companies—like Drips—that might otherwise be forced to litigate in far away venues before Courts that are hostile to their interests. In essence, Plaintiff desires to forum shop in a manner categorically disfavored by the Rules. His request should be rejected.

**I.  The Court Should Deny Mr. Mantha's Motion to Intervene, as He Lacks Any Valid Basis to Intervene in an Action to Quash Someone Else's Subpoena.**

Mr. Mantha's improper motion to intervene in a narrow dispute involving a subpoena he did not issue should be denied because (1) he cannot establish the four elements necessary to intervene of right; (2) he has nothing to add to the instant litigation and has no claim or defense available that could even arguably warrant discretionary intervention; and (3) he failed to attach to his motion a pleading that sets out the claim or defense for which intervention is sought and could not do so given that he has no available claims or defenses and no such pleading could exist. Accordingly, Drips respectfully requests that the Court deny Mr. Mantha's motion on this basis and proceed to determine the merits of Drips' motion to quash as between Drips and QuoteWizard.

**A. Mr. Mantha Does Not Satisfy the Requirements Necessary to Intervene as a Matter of Right.**

Federal Civil of Civil Procedure 24(a) governs intervention of right and provides, in relevant part, that a party has the right to intervene in a case only if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 26(a)(2). The

Sixth Circuit requires a proposed intervenor to establish the following four factors to succeed on a motion to intervene of right under Fed. R. Civ. P. 24(a):

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). "[A] failure to meet [any] one of the [four factors] will require that the motion be denied." *Id.* (alterations in original) (citation omitted). Here, Mr. Mantha fails to meet his burden of establishing three of the four factors necessary to intervene as a matter of right.

### 1. Mr. Mantha Has No Direct or Substantial Interest in this Action.

The Sixth Circuit requires that "the applicant for intervention must have a direct and substantial interest in the litigation, such that it is a real party in interest in the transaction which is the subject of the proceeding." *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 372 (6th Cir. 2014) (internal quotation marks and citations omitted) (holding that "an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future"). "[T]o intervene of right, a substantial legal interest must be established." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, No. 3:09CV-347-S, 2010 U.S. Dist. LEXIS 32175, at *5-9 (W.D. Ky. Mar. 31, 2010) (finding "insufficient grounds for intervention under Rule 24(a)" where the putative intervenor had no basis to assert a direct action and their "practical interest is, at best, contingent"); *see also* Fed. R. Civ. P. 24(a).

In the case of a motion to quash, which involves limited legal issues, the proposed intervenor "faces a substantial burden" in establishing a substantial legal interest in the miscellaneous action. *Cf. United States v. Mich. Dep't of Cmty. Health*, No. 1:10-mc-109, 2011

U.S. Dist. LEXIS 59445, at *17 (W.D. Mich. June 3, 2011) ("Given the limited issues addressed during a proceeding to enforce an administrative subpoena, an applicant seeking to intervene faces a substantial burden to establish the second element under Fed. R. Civ. P. 24(a), i.e., that the applicant has a substantial legal interest in the enforcement proceeding.").

Mr. Mantha has no "substantial legal interest" in this limited miscellaneous action. His claim of a general interest "in obtaining the information" subject to the subpoena is, at best, contingent and remote. Mr. Mantha, in fact, does not even claim an interest in *this action*—instead, he claims his "interests in *the Underlying Action*, as a practical matter are at risk." Mot. to Intervene and Transfer [ECF No. 9] at 4 (emphasis added). *This action* involves Drips' motion to quash a subpoena that Mr. Mantha did not issue. The fact that Mr. Mantha lacks any interest in this subpoena, as well as legal basis or standing to enforce the subpoena,[1] illustrates the remoteness and insufficiency of his claimed interest.

### 2. Mr. Mantha's Claimed Interest in Obtaining Evidence Is Not Cognizable, and Regardless Will Not Be Impaired if He Is Not Permitted to Intervene.

Mr. Mantha served three separate subpoenas on Drips—two for documents and one for testimony. Even though these requests arguably sought the third-party communications at issue in the instant subpoena, upon receipt of Drips' well-founded objections, Mr. Mantha abandoned his pursuit and did not move to compel. Drips Mem. in Support of Mot. to Quash [ECF No. 1-2] at 4-5. If Mr. Mantha wishes to obtain the documents subject to the subpoena at issue in this action, the proper course would be to seek to enforce his own subpoenas, rather than improperly trying to piggyback on an action involving a subpoena in which he has no real interest or standing. *See*

---

[1] *Cf. Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The party to whom the subpoena is directed is the only party with standing to oppose it." (citation omitted)).

*generally Hausauer v. Trustedsec*, LLC, No. 1:20mc101, 2020 U.S. Dist. LEXIS 217812, at *14 n.6 (N.D. Ohio Nov. 20, 2020) (Barker, J.) ("Federal Rule of Civil Procedure 45 provides a mechanism for parties to an action to obtain discovery, including production of documents and deposition testimony, from a nonparty.").

### 3. QuoteWizard Can Adequately Protect Any Tangential Interest Mr. Mantha Has.

QuoteWizard has been compelled to produce the documents at issue. QuoteWizard attempted to obtain these documents from Drips, but given the significant burden gathering the requested documents would entail, and the fact that the parties' contract did not contemplate such a production, Drips declined to do so. Drips Mem. in Support of Mot. to Quash [ECF No. 1-2] at 6-7. QuoteWizard may face contempt of court if it does not comply and produce the documents. *See* Pl.'s Sur-Reply at 4, *Mantha* [ECF No. 170], Case No. 1:19-cv-12235-LTS-PK (Mar. 26, 2021) (claiming that "[t]he next step if QuoteWizard continues to defy the Orders of this Court is to proceed to contempt proceedings."). In the face of court orders and the threat of contempt, QuoteWizard issued the subpoena to Drips, demonstrating that it "has made every effort within the bounds of the law to obtain these records from Drips pursuant to Plaintiff's pursuit of them." Def.'s Mot. for Reconsideration at 2, *Mantha* [ECF No. 149], Case No. 1:19-cv-12235-LTS-PK (Mar. 5, 2021). QuoteWizard is seeking to obtain the information from Drips as contemplated by Rule 45, and any remote interest Mr. Mantha has in obtaining this information is being protected despite Mr. Mantha's voluntary abandonment of his pursuit of these documents.

In sum, Mr. Mantha has no "direct and substantial interest" in this action. To the extent he has some remote interest, his ability to protect that interest is not impaired in the absence of intervention, and can be adequately protected through QuoteWizard's efforts to obtain the information at issue. His motion to intervene should be denied.

### B. Mr. Mantha Cannot Intervene on a Permissive Basis.

Federal Rule of Civil Procedure 24(b), which governs permissive intervention, provides that a district court may grant intervention only to "certain interested parties." *Granholm*, 501 F.3d at 784. Rule 24(b) states: "On timely motion, the court may permit anyone to intervene who . . . *has a claim or defense* that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2) (emphasis added). Courts have recognized that "[s]ubstantially the same factors [as those for intervention of right under Rule 24(a)(2)] are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2)." *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003).

"[I]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *United States v. Vasi*, Case Nos. 5:90 CV 1167-1168, 1991 U.S. Dist. LEXIS 21436, at *17 (N.D. Ohio Mar. 6, 1991). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed R. Civ. P. 24(b) (emphasis added).

In determining whether transfer is appropriate, federal "have considered a number of factors, including case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Hausauer*, 2020 U.S. Dist. LEXIS 217812, at *15 (internal quotation marks and citation omitted). Courts have also held that to be granted permissive intervention, the proposed intervenor must show more than just being an interested party in the outcome; the intervenor must bring a unique perspective to the suit. *See, e.g.*, *Blount-Hill v. Ohio*, 244 F.R.D. 399, 404 (S.D. Ohio 2005) ("The purpose of intervention is to represent its interest in a way that the current [parties] will, or may,

not. . . . While [the proposed intervenor's] perspective is different than that of Defendants, it has offered nothing to indicate that its contribution will add anything of unique value…It has failed to indicate how its unique perspective would impact upon the issues currently before the Court. Allowing it to intervene would result only in the duplication of the efforts of the existing Defendants and undue delay of the litigation.").

Here, Mr. Mantha fails to satisfy his burden of showing that permissive intervention is appropriate. First, Mr. Mantha has no "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). In fact, he has no claim or defense at all. As noted above, he lacks standing to enforce Drips to comply with a subpoena that he did not issue. He has no claims or defenses he can assert in the instant litigation, which involves Drips' motion to quash QuoteWizard's subpoena. Any contribution he seeks to make here, to the extent any could be allowed, will not add anything beyond what QuoteWizard will argue, and it will merely duplicate QuoteWizard's efforts to obtain this information. Finally, as described above, he lacks any real interest in this litigation. This Court should exercise its discretion and decline to permit Mr. Mantha to intervene.

### C. Mr. Mantha's Motion Should Be Dismissed Because He Has Not (and Cannot) Meet the Pleading Requirements of Fed. R. Civ. P. 24(c).

Regardless of whether a party seeks to intervene under Rule 24(a) or Rule 24(b), the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Although the Sixth Circuit takes a permissive approach to the requirements of Rule 24(c), this is not merely a case where the intervenor explained the legal bases of their claims or defenses and later filed the requisite pleading. *See, e.g.*, *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314-15 (6th Cir. 2005) (lack of pleading not grounds to deny intervention where motion itself

explained the "claim or defense [that had] a common question of law and fact as in the main action" and the intervenor later submitted the requisite pleading). Here, no pleading exists in which he could set out his claims or defenses, as Mr. Mantha has no basis to assert claims or defenses in an action to quash a subpoena he did not issue. The failure to attach a pleading (and the fact that no such pleading could exist under the circumstances here) provides an independent additional basis to deny Mr. Mantha's request to intervene.

## II. The Court Should Decline to Transfer this Action Because Mr. Mantha—Who Does Not Have any Authority or Standing to Request Transfer in the First Place—Cannot Establish the Existence of Exceptional Circumstances Required to Warrant Transfer.

There is nothing to warrant transfer away from this Court—where Drips is located—to the district court in Massachusetts. Quite simply, Mr. Mantha cannot establish the existence of the "exceptional circumstances" necessary for a court to transfer, and a stranger to the subpoena should not be permitted to dictate how and where Drips asserts its proper burden objections.

### A. Mr. Mantha Bears the Burden of Establishing "Exceptional Circumstances."

Under Federal Rule of Civil Procedure 45, "[a] person seeking to enforce or challenge a subpoena must do so in 'the court for the district where compliance is required.'" *Hausauer*, 2020 U.S. Dist. LEXIS 217812, at *14 n.6 (quoting Fed. R. Civ. P. 45(d)(3)(A)).

Under Rule 45(f), a motion to quash a subpoena pending before the court in the district where compliance is required cannot be transferred to the court from which the subpoena issued unless (1) the non-party subject to the subpoena consents to transfer, or (2) the party seeking transfer shows "exceptional circumstances" necessitating transfer. As courts have recognized, "[t]he Advisory Committee Notes reinforce the notion that transfer authority is narrow." *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 15-MC-94003-TSH, 2015 U.S. Dist. LEXIS 140416, at *5 (D. Mass. June 18, 2015) (quoting Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013)).

The burden to show "exceptional circumstances" is on the party seeking transfer, and failure to make that showing must result in denial of the motion to transfer. Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013); *see also Hausauer*, 2020 U.S. Dist. LEXIS 217812, at *15. As the Advisory Committee Notes explain, "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013). The issuing court's "familiarity" with the underlying action is not itself an "exceptional circumstance," because "[a]s a general matter, a Rule 45 subpoena-related motion will always be resolved by a court less familiar with the underlying litigation." *Isola*, 2015 U.S. Dist. LEXIS 140416, at *10 (finding no exceptional circumstances based on issuing court's "familiar[ity] with the procedural and substantive aspects of the underlying patent litigation. . . . [O]therwise the exception would swallow the rule"); *see also Garden City Emples. Ret. Sys. v. Psychiatric Sols.*, Inc., No. 13-238, 2014 U.S. Dist. LEXIS 8857, at *9 (E.D. Pa. Jan. 24, 2014) (denying transfer under Rule 45(f) because the fact that the issuing court undeniably had greater familiarity with the underlying action did not constitute an exceptional circumstance); *CMB Expert, LLC v. Atteberry*, No. 3:14-MC-51-B-BN, 2014 U.S. Dist. LEXIS 72029, at *5 (N.D. Tex. May 27, 2014).

The 2013 Advisory Committee Notes identify limited circumstances in which transfer may be warranted, specifically: "to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013). While "[t]he prime concern [under Rule 45(f)] should be avoiding burdens on local nonparties subject to subpoenas," *see id.*, the issuing party seeking to transfer a subpoena dispute must show "exceptional circumstances" regardless of whether the non-party would be

unduly burdened by transfer. *See, e.g.*, *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014) ("The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer."); *see also Isola*, 2015 U.S. Dist. LEXIS 140416, at *10-11. "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013).

Under the Rule 45(f) framework, this Court in *Hausauer v. Trustedsec, LLC*, 2020 U.S. Dist. LEXIS 217812, recently declined to transfer a subpoena to the issuing court, an MDL involving a data breach suit. The plaintiffs in the underlying MDL issued several subpoenas to various entities, including TrustedSec, LLC, which is located in Strongsville, Ohio. *Id.* at *2. TrustedSec objected on numerous grounds, including undue burden, relevance, and proportionality, and after some back and forth, the plaintiffs ultimately moved to compel in this Court of compliance. *Id.* at *3-11. This Court found that the plaintiffs "failed to demonstrate extraordinary circumstances warranting transfer to the MDL court." *Id.* at *18. In doing so, the court rejected plaintiffs' arguments that "transfer to the MDL court is warranted because that court 'is familiar with the complex issues, has a strong interest in managing its schedule, and can better-avoid inconsistent rulings in other districts where subpoenas are pending'" because the "narrow, fact-specific issue" in front of this Court did not "relate to any of the complex procedural or substantive issues in the underlying MDL litigation." *Id.* at *17-18.

The court also rejected arguments regarding the risk of inconsistent rulings even though the plaintiffs argued they intended to raise similar arguments to the MDL in spoliation briefing. *Id.* at *18. Finally, this Court "agree[d] with TrustedSec that transfer would impose an undue burden." *Id.* at *19. Specifically, the court held: "[S]hould the Court transfer this dispute,

TrustedSec will be required to defend against Plaintiffs' Motion in the Eastern District of Virginia. TrustedSec avers (and Plaintiffs do not contest) that this would require it to find and hire local counsel and pay attorney's fees associated with getting local counsel up to speed on the instant dispute." *Id.* at *19. Accordingly, the court found that the plaintiffs failed to establish extraordinary circumstances and denied the plaintiff's motion to transfer. *Id.* at *20.

Similarly, in this case, Drips is based in Akron, Ohio, and Ohio is the only state in which Drips maintains a physical presence. Drips Decl. ¶ 5 [ECF No. 1-4]. Drips undeniably would suffer an undue burden if Mr. Mantha—a stranger to the dispute in front of this Court—is permitted to dictate where and how Drips, an Ohio-based resident, can protect its interests. The prevalence of videoconferencing due to Covid-19 does not *ipso facto* remove the burden on a non-party from appearing in a foreign jurisdiction. Drips would be required to retain local counsel in Massachusetts (a venue in which Drips' counsel does not maintain offices), and local counsel would have to analyze the facts and law to properly defend Drips, all at additional and duplicative expense to Drips. *See, e.g.*, *Hausauer*, 2020 U.S. Dist. LEXIS 217812, at *19 (finding undue burden despite arguments about video conferencing during Covid-19); *Platinum Props. Inv'r Network v. AMCO Ins. Co.*, No. 15-mc-213-JAR-TJJ, 2015 U.S. Dist. LEXIS 137624, at *16-17 (D. Kan. Oct. 8, 2015) (finding transfer would "place additional and unnecessary burdens upon" subpoena recipients where they "would be required to incur the expense of obtaining local counsel, filing motions to be admitted pro hac vice, and potentially traveling to California for any hearings on the motions"). There is no reason to let a stranger to the subpoena dictate the venue in which an Ohio-based company should litigate its well-founded objections and thereby impose additional unnecessary burdens on Drips.

Drips' motion to quash involves narrow issues relating primarily to Drips' burden objections.² It is immaterial that the underlying court has taken up discovery motions related to the documents at issue here—indeed, as just shown, that prior history operates in favor of Drips seeking protection in this Court. Moreover, the underlying court has explicitly held that its "Order does not impose any obligations on Drips" and "does not bind Drips for the obvious reason that Drips is not before the Court." *Mantha v. QuoteWizard.com, LLC*, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *15 (D. Mass. Mar. 16, 2021). There is no threat of an inconsistent ruling given that the court has not, and cannot, order Drips to do anything.³

## CONCLUSION

For the foregoing reasons, and in the interest of justice, Drips respectfully requests that the Court reject Mr. Mantha's procedurally improper and unjustified motion, decline to let Mr. Mantha intervene in this action and to transfer this dispute to the issuing court, and quash the overly burdensome Subpoena.

Date: April 6, 2021                                                  **SQUIRE PATTON BOGGS (US) LLP**

/s/*Jesse L. Taylor*

---

² Although the underlying court has ordered QuoteWizard and Mr. Mantha to brief the burden issue and has "invited" Drips "to submit its own filing," *see Mantha v. QuoteWizard.com, LLC*, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 63963, at *6 (D. Mass. Mar. 31, 2021), respectfully, that issue is not properly before that court, nor is Drips. The burden involved is Drips' burden, and the court has recognized that "Drips is not before the Court." *Mantha v. QuoteWizard.com, LLC*, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *15 (D. Mass. Mar. 16, 2021). As it did in its motion to quash, Drips will submit its substantive arguments at the appropriate time, consistent with the framework permitted by the Federal Rules and Rule 45.

³ Beyond the fact that the Massachusetts court has repeatedly conceded that it has no authority over Drips, Mr. Mantha should not be permitted to pull Drips—a nonparty based in Ohio—to a foreign court in order to take advantage of the court's perceived hostility toward QuoteWizard's positions, which imply that that the court may be set to overrule Drips' burden objections based solely upon evidence of a completely unrelated production—made under completely different circumstances—in a separate action. *See Mantha*, 2021 U.S. Dist. LEXIS 63963, at *6. Doing so would create a separate and thoroughly unfair additional burden for Drips, which would have to dig itself out of the hole in which QuoteWizard finds itself.

Jesse L. Taylor (0088209)
jesse.taylor@squirepb.com)
SQUIRE PATTON BOGGS (US) LLP
41 South High Street
Columbus, OH 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

Eric J. Troutman (*pro hac vice* pending)
eric.troutman@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
(213) 689-6510 (Phone)
(213) 623-4581 (Fax)

*Counsel for Drips Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on April 6, 2021, the foregoing was electronically filed with this Court's CM/ECF System and thereby served on counsel of record.

/s/*Jesse L. Taylor*